UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  SACV-13-1404-MWF					Date:  April 22, 2014
Title:	Tru Le v. Denise Dienvy Nguyen (In re Denise Dienvy Nguyen)

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER RE BANKRUPTCY APPEAL

Appellant-Defendant Denise Dienvy Nguyen appeals from the Order on Motion to Reopen Adversary Case and Motion for Order Vacating Judgment entered on August 12, 2013 (the "Order").  (Excerpts of Record ("ER") 538-39).  The Order denied Appellant's motion and preserved the default judgment entered in favor of Appellee-Plaintiff Tru Le on March 14, 2012 (the "Default Judgment").  (ER 119-21).  For the reasons set forth below, the Order is **AFFIRMED**.

I.	**BACKGROUND**

On April 19, 2007, the Superior Court for the State of California, County of Orange, awarded a money judgment in favor of Le against Phong Hung Tran in the amount of $457,960.  (ER 155).  On May 18, 2007, Le filed an action in state court against Nguyen, Tran's girlfriend, seeking to recover alleged fraudulent conveyances from Tran to Nguyen.  (ER 164-82).  Before the state court action against Nguyen concluded, Nguyen filed a voluntary petition in bankruptcy on August 3, 2010.  (ER 184-224).  Tran also had filed a petition in bankruptcy on October 17, 2008.  (ER 137). On November 3, 2010, Le filed a complaint against Nguyen initiating an adversary proceeding in Nguyen's bankruptcy case.  (ER 1-11).  The complaint sought a declaration of nondischargeability of the debt Nguyen owed Le as a result of her receipt of fraudulent transfers.  (ER 5-11).

On March 14, 2012, the bankruptcy court entered the Default Judgment against Nguyen in the amount of $681,921.26.  (ER 119-21).  At the time, Tran's bankruptcy

---

**CIVIL MINUTES—GENERAL**					1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  SACV-13-1404-MWF　　　　　　　Date:  April 22, 2014
Title:　　　Tru Le v. Denise Dienvy Nguyen (In re Denise Dienvy Nguyen)

case remained open.  (ER 148).  On June 28, 2013, Nguyen filed a motion seeking to vacate the judgment on the ground that the judgment was void because Le lacked standing to litigate the claim, because Tran's chapter 7 trustee was the sole real party in interest with standing to bring fraudulent transfer actions belonging to Tran's estate.  (ER 136).  The bankruptcy court denied the motion, and Nguyen brought the present appeal on September 11, 2013.

## II.　　DISCUSSION

　　　　The sole issue on appeal is whether the bankruptcy court erred in holding that the Default Judgment was not void.  The bankruptcy court's conclusions of law are reviewed de novo and findings of fact are reviewed for clear error.  *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007).

　　　　The Court briefly notes the case of *Executive Benefits Insurance Agency v. Arkinson*, No. 1200 (U.S.), currently pending before the Supreme Court, which raises the issue whether a bankruptcy court may constitutionally hear and render final judgment in a fraudulent transfer action based on the consent of the litigants.  The parties have not raised the issue, and the Court sees no reason to stay the action pending resolution of the Supreme Court case rather than apply the law as it now stands, under which any defect in the bankruptcy court's power to enter judgment in a fraudulent transfer action may be waived by the parties.  *In re Bellingham Ins. Agency*, 702 F.3d 553, 566-67 (9th Cir. 2012).

　　　　A party may seek relief from a judgment or order in bankruptcy court under Rule 60 of the Federal Rules of Civil Procedure, made applicable in bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure.  Nguyen seeks relief from the Default Judgment on the sole ground that the judgment is void.  Fed. R. Civ. P. 60(b)(4).

　　　　A party must generally seek relief from a judgment within one year of the entry of the judgment.  Fed. R. Civ. P. 60(c)(1).  If, however, the Default Judgment is void, then the bankruptcy judge had no discretion not to grant the motion and vacate the

---

**CIVIL MINUTES—GENERAL**　　　　　　　　　　　　　　　　　　2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  SACV-13-1404-MWF                              Date:  April 22, 2014
Title:        Tru Le v. Denise Dienvy Nguyen (In re Denise Dienvy Nguyen)

judgment, no matter when the motion was brought.  *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985) (holding that defendant's delay in bringing motion under Rule 60(b)(4) was irrelevant); *see* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2862 (3d ed. rev. 2013).  As the bankruptcy judge noted here (ER 525:18-21), if the Default Judgment is not void, then the motion for relief from the judgment was untimely because it was brought more than 15 months after entry of the judgment.  Therefore, Nguyen wisely relied before the bankruptcy court and on appeal on the sole ground that the Default Judgment is void.

     Nguyen argues that the Default Judgment is void because Le's lack of standing to prosecute his claim deprived the bankruptcy court of subject matter jurisdiction over the claim.  Le argues that he did not lack standing, because both the complaint and the Default Judgment were for nondischargeability of a debt for a willful and malicious injury under 11 U.S.C. § 523(a)(6), not for fraudulent transfer or any other claim that would have vested in Tran's chapter 7 trustee.  The Court need not reach this issue.  Even if Le's nondischargeability complaint contained a disguised fraudulent transfer claim and Le in fact lacked (non-constitutional) standing to prosecute the claim because it belonged to Tran's estate, this defect is not jurisdictional, and thus the Default Judgment was not void.

     Standing under Article III is a critical component of a federal court's subject matter jurisdiction.  *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (holding that when relief sought would not remedy injury, federal court lacks jurisdiction to hear action).  The "irreducible constitutional minimum of standing" contains three components:

> First and foremost, there must be alleged (and ultimately proved) an "injury in fact"—a harm suffered by the plaintiff that is "concrete" and "actual or imminent, not 'conjectural' or 'hypothetical.'"  Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant.  And third, there must be redressability—a likelihood that the requested relief will redress the alleged injury.

---

**CIVIL MINUTES—GENERAL**                                                            3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  SACV-13-1404-MWF                           Date:  April 22, 2014
Title:        Tru Le v. Denise Dienvy Nguyen (In re Denise Dienvy Nguyen)

*Id.* at 102-03 (citations omitted) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42, 96 S. Ct. 1917, 8 L. Ed. 2d 450 (1976)).

Judged from this standard, Le plainly meets Article III's requirements for standing.  Nguyen does not contest that Le complains of a concrete injury suffered on account of Tran's alleged fraudulent conveyance of property to Nguyen in order to avoid satisfaction of the judgment.  Tran's transfer of property and Nguyen's receipt of property caused Le's alleged injury.  And a judgment in Le's favor clearly redresses the injury.

Nguyen argues that Le lacked standing because the chapter 7 trustee of Tran's bankruptcy case was the sole party with standing to bring a fraudulent transfer claim arising from a transfer by the debtor within the scope of 11 U.S.C. § 548.

Nguyen is correct, insofar as the bankruptcy trustee was the only party entitled to prosecute a fraudulent transfer claim belonging to Tran's bankruptcy estate at the time the Default Judgment was entered.  *See In re Cass*, No. 12-1513-KiPaTa, 2013 WL 1459272, at *9 (B.A.P. 9th Cir. Apr. 11, 2013).  The trustee is the real party in interest with the exclusive power to bring a fraudulent transfer action belonging to the estate.  The filing of the bankruptcy case divested creditors of the right to litigate fraudulent transfer actions belonging to the estate, either on behalf of the estate or for their own benefit.  *See id.* ("It is undisputed that Trustee was the only party with standing to prosecute what became the Fraudulent Transfer Adversary . . . ." (citing *Estate of Spirtos v. One San Bernardino Cnty. Super. Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1776 (9th Cir. 2006); *In re PWS Holding Corp.*, 303 F.3d 308 (3d Cir. 2002))).

Nguyen's mistake lies in her conflation of standing as a real party in interest, which does not implicate federal subject matter jurisdiction, with Article III's standing requirement.  Although Article III standing is a jurisdictional necessity, the Supreme Court has distinguished between jurisdictional standing, which ensures that the

---

**CIVIL MINUTES—GENERAL                                                    4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  SACV-13-1404-MWF                    Date:  April 22, 2014
Title:     Tru Le v. Denise Dienvy Nguyen (In re Denise Dienvy Nguyen)

plaintiff has suffered a redressable injury-in-fact caused by the defendant's actions, and prudential standing, the self-imposed limitations on the federal courts' exercise of jurisdiction.  *See Bennett v. Spear*, 520 U.S. 154, 162, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997) (holding that the "zone of interests" standing test was merely prudential and not part of the immutable requirements of Article III).  One common prudential standing limitation is the "reluctance to exert judicial power when the plaintiff's claim to relief rests on the legal rights of third parties."  *Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).

   Likewise, the real-party-in-interest rule, while often described in terms of standing, is not jurisdictional.  The power to litigate a case is distinct from the jurisdictional necessity of an injury-in-fact.  "Rule 17(a) does not [confer] standing; 'real party in interest' is very different from standing."  *Kent v. N. Cal. Regional Office of the Am. Friends Serv. Comm.*, 497 F.2d 1325, 1329 (9th Cir. 1974) (citing the 1971 edition of 6A C. Wright & A. Miller, *Federal Practice and Procedure* § 1542 (3d ed. rev. 2013)); *see also Ensley v. Cody Res., Inc.*, 171 F.3d 315, 320 (5th Cir. 1999) (holding that the real-party-in-interest requirement under Rule 17(a) is waivable).

   Hence, the Ninth Circuit has held that a court has subject matter jurisdiction over claims by an individual partner asserting rights belonging exclusively to the partnership.  *Lindsey v. Starwood Hotels & Resorts Worldwide, Inc.*, 409 F. App'x 77, 78 (9th Cir. 2010).  The district court in *Lindsey* "correctly concluded" that the plaintiff "could not assert contractual claims belonging to the partnership. . . . The district court erred, however, by treating [plaintiff's] lack of standing as a defect of Article III standing that deprives the court of subject matter jurisdiction."  *Id.*

   For these reasons, the Eleventh Circuit has squarely held that while the filing of a bankruptcy case may confer on the bankruptcy trustee the exclusive power to prosecute certain claims, this defect does not deprive the federal court of subject matter jurisdiction over the claim.  *Dunn v. Advanced Med. Specialties, Inc.*, -- F. App'x --, 2014 WL 503050, at *3-4 (11th Cir. Feb. 10, 2014) (citing *Barger v. City of Cartersville*, 348 F.3d 1289, 1296-97 (11th Cir. 2003)).  The Eleventh Circuit pointed out the difference between the "principle of jurisdictional standing under Article III of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  SACV-13-1404-MWF | Date:  April 22, 2014 |
| Title:      Tru Le v. Denise Dienvy Nguyen (In re Denise Dienvy Nguyen) | |

the United States Constitution, which would impact the court's subject matter jurisdiction, with the principle of real party in interest, which does not impact the court's subject matter jurisdiction." *Id.* at *3.

In support of her position, Nguyen cites to *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003), in which the Ninth Circuit held that standing under the Copyright Act is a jurisdictional limitation. *Id.* at 1140. Accordingly, a copyright infringement action brought by a plaintiff who entered into a valid work-for-hire agreement was properly dismissed because the plaintiff retained no right of authorship in the copyrighted works. *Id.* at 1142-43. *Warren* is distinguishable because the standing defect at issue there related directly to the plaintiff's injury. The plaintiff's alleged injury was created by the Copyright Act; if, under the Act, he could have no claim, then he could have no injury-in-fact, an Article III standing requirement. Here, by contrast, Le's injury is clearly established under state law. The filing of the bankruptcy did not obliterate his injury; it merely temporarily removed his power to litigate a fraudulent transfer claim belonging to Tran's bankruptcy estate.

Regardless of whether Le lacked standing to prosecute his claims against Nguyen during the pendency of Tran's bankruptcy, any lack of standing as a creditor or real party in interest did not bring Le below the irreducible minimum of standing under Article III's case-or-controversy requirement. Accordingly, the judgment rendered in his favor was not void.

Nguyen's final arguments are similarly unavailing.

Nguyen argues that the bankruptcy court erred in failing to apply the proper standard under Rule 60(b)(4) that a judgment must be vacated if it is "void," and instead required Nguyen to show that the Default Judgment was "void *ab initio*." (Appellant's Opening Brief at 10-11; ER 524-25). The record indicates that the bankruptcy judge used the terms "void" and "void *ab initio*" interchangeably. Regardless of the bankruptcy judge's usage of the relevant terms, the Default Judgment was not void, as discussed above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  SACV-13-1404-MWF                             Date:  April 22, 2014
Title:     Tru Le v. Denise Dienvy Nguyen (In re Denise Dienvy Nguyen)

   Finally, Nguyen argues that a ruling that a creditor has standing to litigate a fraudulent transfer during the pendency of a bankruptcy proceeding would undermine the exclusive standing of trustees to control and administer assets of the bankruptcy estates, and inundate the bankruptcy courts with a multitude of duplicative proceedings.  She is correct.  The creditor's lack of standing as real party in interest, however, does not deprive the bankruptcy court of subject matter jurisdiction.  Nguyen certainly could have raised Le's potential lack of standing in the original adversary proceeding.  But any lack of standing as a real party in interest was not a jurisdictional defect, and thus the Default Judgment is not void.

   The parties have raised and extensively briefed the issue of whether Le in fact brought a fraudulent transfer action, which was within the exclusive power of the trustee, or rather a simple nondischargeability action sounding in tort and proven by fraud, for which he presumably would have had proper standing.  Because the Court determines that any lack of standing was *not* a jurisdictional defect, it does not reach the question whether Le in fact has the power to litigate his claim leading to the Default Judgment as a creditor or real party in interest.

### III.   CONCLUSION

   The decision of the bankruptcy court is **AFFIRMED**.

   This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

   IT IS SO ORDERED.